[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-14216
Non-Argument Calendar

————————————————

D.C. Docket No. 1:20-cv-00200-MHC

IOU CENTRAL, INC.,
d.b.a. IOU Financial, Inc.,

                                        Plaintiff-Appellant,

versus

BIG STATE TIRE AND AXLE, INC.,
BIG STATE SUPPLY, LLC,
R&S PROPERTIES OF KANSAS, LLC,
ROY LEE EBARB,
MELISSA KAY EBARB,

                                        Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(May 25, 2021)

Before MARTIN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

IOU Central, Inc. appeals the district court's dismissal for lack of personal jurisdiction of its lawsuit against defendants Big State Tire and Axle Inc., Big State Supply, LLC, R&S Properties of Kansas, LLC, Roy Lee Ebarb, and Melissa Kay Ebarb. After careful review, we affirm.

Roy Ebarb (a citizen of Kansas) submitted, on behalf of Big State Tire and Axle (also a citizen of Kansas), a loan application to IOU Central's Georgia office via its online application process. A few months later, Ebarb executed a promissory note and a guaranty—in which he consented to the application of Georgia law and personal jurisdiction in Georgia over any suit arising out of the note—via IOU's website in exchange for funds. There is no dispute that all actions and communications regarding the loan, the application, the note, and the guaranty occurred over the internet between Ebarb (on behalf of Big State Tire and Axle) while he was located in Kansas, and IOU, which was located in Georgia.

After the loan was paid, IOU filed this lawsuit bringing claims such as breach of fiduciary duty, unjust enrichment, and breach of instruments, alleging that although Ebarb submitted a loan application (again, on behalf of Big State Tire and Axle) to be used for business expenses, the loan was actually used for other purposes, including to satisfy personal financial obligations and prior debt.

2

Defendants moved to dismiss IOU's lawsuit for lack of personal jurisdiction and for failure to state a claim. The district court granted defendants' motion, concluding that personal jurisdiction was lacking because IOU failed to show that defendants' online transaction with IOU was sufficient activity to constitute a business transaction within the meaning of Georgia's Long-Arm Statute (O.C.G.A. § 9-10-91 *et seq*.), and in any event, that subjecting defendants to suit in Georgia would violate due process.

On appeal, IOU argues (1) that the district court improperly relied on defendants' earlier motion to dismiss, and in so doing, disregarded its subsequent amended complaint, and (2) that the district court disregarded the forum clauses in the note and the guaranty, contrary to established precedent.[1]

IOU's first argument—that the district court ignored its amended complaint—is meritless. The district court's order clearly references and analyzes IOU's amended complaint multiple times. And in any event, IOU's initial and amended complaints present the same jurisdictional concerns. Moreover, the district court order specifically noted that defendants' motion to dismiss IOU's amended complaint incorporated by reference the arguments made in their first motion to dismiss. In short, IOU has failed to make a convincing argument that the

---

[1] We review a dismissal for lack of personal jurisdiction de novo. *Alexander Proudfoot Co. World Headquarters L.P. v. Thayer*, 877 F.2d 912, 916 (11th Cir. 1989).

district court improperly relied on defendants' earlier motion to dismiss, and in so doing, disregarded its subsequent amended complaint.

IOU's second argument—that the district court disregarded the forum clauses in the note and the guaranty—fares no better. After concluding that IOU had failed to satisfy the Georgia Long-Arm Statute, the district court went on to explain, as an independent matter, that exercising personal jurisdiction over defendants would violate due process. *See Cable/Home Commc'n Corp. v. Network Prods.*, 902 F.2d 829, 857 (11th Cir. 1990) (explaining that a plaintiff who satisfies a state's long-arm statute doesn't automatically satisfy the due-process component of personal jurisdiction). Accordingly, IOU's arguments regarding the forum clauses—which seek to demonstrate compliance with the Georgia Long-Arm Statute—cannot demonstrate any error in the district court's overall conclusion that personal jurisdiction was lacking. Even assuming that the district court did err in its conclusion regarding the Georgia Long-Arm Statute, it nevertheless held that personal jurisdiction was lacking because due process had been violated—a conclusion that IOU has not challenged on appeal.

**AFFIRMED.**

4